## VOSBURGH *against* BAME.

Where A. and B submit to arbitration, a *suit* between C. and D, an award in that suit, is not binding upon the parties to the submission.

Where a *suit* is submitted to arbitration, it is not sufficient that the arbitrators determine the damages to be paid by the defendant to the plaintiff, with costs, or award in favour of the defendant, with costs to be paid by the plaintiff; they must, also, direct the suit to be discontinued, or released, otherwise the award is not final.

THIS was an action of debt on an arbitration bond, the condition of which recited as follows : " Whereas *Lambert Vosburgh*, son of the said *Samuel*, (the plaintiff,) has commenced a suit in the supreme court of this state against *John Bame*, son of the said *William*, (the defendant,) and has, also, entered a complaint to the grand jury of the county of *Columbia*, against the said *William Bame* (the defendant) and *John Bame*; and whereas *John S. Vosburgh*, also a son of the said *Samuel*, (the plaintiff,) has commenced a suit in the court of common pleas of the county of *Columbia*, against the said *William Bame* and *John Bame*; and whereas the said *William Bame* has commenced a suit, in the said court of common pleas, against the said *John S. Vosburgh* and *Martin Vosburgh*; and whereas it has been agreed, by and between each of the parties respectively, that the said several causes be submitted, &c." After oyer of the condition of the bond, the defendant pleaded, 1. *Non est factum.* 2. No award.

The plaintiff replied, setting forth an award ; first, in a suit in the *supreme court, Lambert Vosburgh* v. *John Bame*, in which they " report, after having the proofs and allegations of the parties, that the above defendant, *John Bame*, is guilty of the several trespasses, assaults and batteries alleged against him, and they assess the damages at 350 dollars, beside costs of suit ; and they report, order, and determine, that the said *John Bame* pay to the said *Lambert Vosburgh*, the said sum of 350 dollars, beside costs of suit." Next, in a suit in the *Columbia Common Pleas, John S. Vosburgh* v. *William Bame* and *John Bame*, in the same form as the preceding, in which the defendants are found guilty, and the damages assessed at 60 dollars, besides costs ; which sum of 60 dollars, beside costs, they are directed

~to pay; and, lastly, in a suit, also in the *Columbia common pleas, John S. Vosburgh* and *Martin Vosburgh* v. *William Bame,* in which the arbitrators " report, after hearing the proofs and allegations of the parties, that the defendants were not guilty, &c., and they order and determine that the plaintiffs pay to the defendants their costs of suit."

To this replication the defendant demurred, and the plaintiff joined in demurrer, and the same was submitted to the court without argument.

THOMPSON, Ch. J., delivered the opinion of the court. This is an action of debt on an arbitration bond. Plea, no award. Replication setting out the award, and demurrer and joinder.

The question before the court is upon the validity of the award. The bond purports to submit to the arbitrators certain suits pending in court; one (*Lambert Vosburgh* v. *John Bame,*) in the supreme court, and one (*John S. Vosburgh* v. *William Bame* and *John Bame,*) in the *Columbia common pleas ;* and also a suit commenced by *William Bame* v. *John S. Vosburgh,* and *Martin Vosburgh,* in the common pleas of *Columbia.* The arbitrators, in their award, set down the title of the several causes and award in each, in the form of a report of referees, viz. *Lambert Vosburgh* v. *John Bame,* and assess the damages at 350 dollars, besides costs ; and report, order, and determine, that *John Bame* shall pay to *Lambert Vosburgh* the said 350 dollars, besides costs of suit. This is no award between the parties to the arbitration bond. It does not award that *William Bame,* the defendant in this cause, should pay any thing. *John Bame,* who is ordered to pay, is no party to the submission ; nor is *Lambert Vosburgh,* to whom the money is to be paid, any party to the submission. The suit is not ordered to be discontinued, or released; and the defendant may be compelled to pay this money, and still the suit go on against *John Bame.* The parties to the suit are said to be the sons of the parties to the submission ; but it does not appear that they are minors, or that the submission was made by their consent. It is an award, therefore, that can-not bind them. In the suit of *John S. Vosburgh* v. *William Bame* and *John Bame,* the plaintiff's damages are assessed at 60 dollars, besides costs, and the award is that the defendant pay to the plaintiff the said 60 dollars, besides the costs. In this case *John S. Vosburgh* is no party to the submission, and his suit is not

awarded to be discontinued, or released, and the award will not prevent him from going on, by the payment of this money to the plaintiff in this cause. In the other case of *John S. Vosburgh* and *Martin Vosburgh* v. *William Bame*, the arbitrators determine that the defendants are not guilty, and order the plaintiff to pay them costs of suit. The same difficulty arises here also. The defendants in that suit, are no parties to the submission, and that suit is yet pending, and the plaintiff may be nonsuited and compelled to pay the costs to the defendant, although he should pay them to the plaintiff in this cause. It appears to me, therefore, that the awards are bad; there is no mutuality, and they are not binding on the parties to the suits in which the awards purport to be made, as they are strangers to the submission. We are, accordingly, of opinion that the defendant is entitled to judgment.

Judgment for the defendant.